Daniel L. Hitzke (SBN 220872)
daniel.hitzke@hitzkelaw.com
Scott W. Draper (SBN 296787)
scott.draper@hitzkelaw.com
HITZKE & FERRAN, LLP
100 Oceangate, Suite 1100
Long Beach, CA 90802
Tel: 562-437-2807
Fax: 562-595-9983

Attorneys for Plaintiff,
THE AUTHENTIC ENTREPRENEUR, LLC DBA WAKE UP WARRIOR
AND GARRETT WHITE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| THE AUTHENTIC ENTREPRENEUR, LLC, a California Limited Liability Corporation, DBA WAKE UP WARRIOR, and GARRETT WHITE, an Individual; <br><br> Plaintiffs, <br><br> v. <br><br> IAM4 LLC, an Alabama Limited Liability Corporation, JOSEPH S. MARSH, IV, an Individual, and DOES 1-10, inclusive; <br><br> Defendants. | Case No.: <br><br> **Trademark Infringement (Common Law)** <br><br> **Trademark Dilution (Common Law)** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs THE AUTHENTIC ENTREPRENEUR, LLC DBA WAKE UP WARRIOR ("TAE") and GARRETT WHITE aver as follows:

## PRELIMINARY STATEMENT

Plaintiffs bring this action seeking to obtain redress for Defendants' unauthorized use of Plaintiffs' trademarks, namely "Warrior", "Wake Up Warrior", "Warrior Week", "Warriors Way", collectively "Trademarks", as well as Plaintiffs'

1

**COMPLAINT**

distinctive trade dress.  Plaintiffs seek preliminary and permanent injunctive relief and damages under the laws of the United States and the State of California. In furtherance thereof, Plaintiffs inform the Court as follows:

1. Plaintiffs are a leading organizer and promoter of seminars, workshops, clinics, and experiences for professionals in the fields of personal awareness, life fulfillment, physical wellness, and business success. Since their inception, Plaintiffs' reputation and popularity have grown rapidly.

2. Plaintiffs have extensively advertised, marketed, and promoted its life and business coaching services and the Trademarks associated therewith. These goods and services have been featured by national media outlets.

3. Plaintiffs have been using the "Warrior" trademark in interstate commerce since at least on or before February 2009; the "Wake Up Warrior" trademark in interstate commerce since at least on or before February 2009; the "Warriors Way" trademark in interstate commerce since at least on or before September 2012; and the "Warrior Week" trademark in interstate commerce since at least on or before September 2012.  These Trademarks have been used by Plaintiffs continuously in interstate commerce since on or before the dates above, respectively.

4. Plaintiffs' goods and services have allowed Plaintiffs to establish a loyal customer base and strong market recognition.  In the intervening period of time, Plaintiffs' goods and services have experienced exponential growth and success.  These goods and services are purchased by a substantial number of consumers.  Consumers purchasing Plaintiffs' goods and participating in Plaintiffs' services travel to California from within the United States, and from all over the world.

5. Plaintiffs' goods and services offered under the Trademarks have gained substantial notoriety and are well known by customers and the public.  Plaintiffs have also established significant goodwill with its customers for well over five (5) years.

Plaintiffs' Trademarks have acquired distinctiveness, have been used for a substantial period of time, have attracted customers from all over the United States and the world, have been advertised exhaustively, and have been recognized by national media.

6. Defendant MARSH began IAM4 LLC, incorporating it in Morgan County, Alabama on December 1, 2016.

7. On or about March 2016 Defendants begun improperly using Plaintiffs' Trademarks by offering seminars and workshops for entrepreneurs, and hosting events named "Warrior Week".

8. The conduct of Defendants is deliberate and intentional and is specifically intended to enrich Defendants and harm and damage Plaintiffs.   Defendants' use of the Trademarks is likely to cause confusion, mistake and deceive third-parties as to the affiliation, connection or association of Defendants with Plaintiffs and as to whether or not Plaintiffs have anything to do with the origin, sponsorship, or approval of the goods, services or other commercial activities of Defendants.   The use by Defendants of the Trademarks to direct persons to their website misrepresents the nature, characteristics, qualities and/or geographic origin of Defendants' goods, services and commercial activities. Thus, the trademarks are distinctive and famous within the meaning of 15 USC 1125(c).

9. Defendants have willfully infringed upon and diluted Plaintiffs' Trademarks.

10. The conduct of the Defendants has occurred in, continues to occur in and has caused damage to Plaintiffs in this District and elsewhere.

11. Defendants' present and intended uses are not only unauthorized and unlawful, but they need to be stopped immediately, as a matter of law.

/ / /

**JURISDICTION AND VENUE**

12. This is an action for violation of 15 USC 1114; 15 USC 1125(a); 15 USC 1125(c); and for related claims arising under the State of California's Unfair Competition Law in Business and Professions Code §§ 17200 et seq.

13. This Court has subject matter jurisdiction over this trademark infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), 15 U.S.C. §§ 1116 and 1125, and 28 U.S.C. § 1367.

14. This Court has personal jurisdiction over Defendants because, among other things, Defendants are doing business in the State of California and in this judicial district, the acts of infringement complained of herein occurred on a public website viewable in the State of California, and Defendant has caused injury to Plaintiffs and their intellectual property within the State of California and in this judicial district.

15. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).

**THE PARTIES**

16. Plaintiff THE AUTHENTIC ENTREPRENEUR, LLC DBA WAKE UP WARRIOR is a limited liability corporation organized and existing under the laws of the State of California, with its principal place of business in Dana Point, California.

17. Plaintiff GARRETT WHITE is an individual and owner of THE AUTHENTIC ENTREPRENEUR, LLC DBA WAKE UP WARRIOR. WHITE is domiciled in Dana Point, California.

18. Defendant JOSEPH S MARSH, IV is an individual an owner of IAM4 LLC. MARSH is believed to be domiciled in Decatur, Alabama.

/ / /

19. Defendant IAM4 LLC is a limited liability corporation organized and existing under the laws of the State of Alabama, with its principal place of business in Decatur, Alabama.

20. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as Does 1 through 10, are unknown to Plaintiffs, who therefore sue Defendants by such fictitious names (the "Doe Defendants"). Plaintiffs will seek leave of Court to amend this Complaint to state their true names and capacities when they have been ascertained. Plaintiffs are informed and believe and on that basis aver that the Doe Defendants are liable to Plaintiffs as a result of their participation in all or some of the acts hereinafter set forth.  IAM4 and the Doe Defendants are referred to collectively herein as "Defendants."

21. Plaintiffs are informed and believe and on that basis aver that at all times mentioned in this Complaint, each of the Defendants was the agent and/or alter ego of each of the other Defendants and, in doing the things alleged in this Complaint, was acting within the course and scope of such agency.

**Defendants' Adoption of Confusingly Similar Marks**

22. Upon information and belief, Defendants have adopted a confusingly similar name of Warrior to advertise their services (See; Fig. 4), which are nearly identical to that offered by the Plaintiffs.  Defendants' services include live, in-person training events targeted to men and provide education in the areas of personal awareness, life fulfillment, physical wellness, and business success.  To wit, Defendants market their services to a "a tribe of men who do life together, business together, collectively moving God's Kingdom forward at a rate that most men will never see in their lifetime." (See; http://www.iam4.tv/warriorweek) Defendants further allege that in "WARRIOR - You must obtain and maintain good physical, mental, and

emotional health." These services, when advertised using Warrior trademark, create consumer confusion in the marketplace.

23. Upon information and belief, Defendants have adopted a confusingly similar name of Warrior Week to advertise their events. Defendants' services include live, in-person training events targeted to men and provide education in the areas of personal awareness, life fulfillment, physical wellness, and business success. To wit, Defendants market their services to a "a tribe of men who do life together, business together, collectively moving God's Kingdom forward at a rate that most men will never see in their lifetime." (See; https://www.iam4.tv/warriorweek) These services, when advertised using Warrior Week trademark, create consumer confusion in the marketplace.

**Defendants' Adoption of Confusingly Trade Dress**

24. Plaintiffs have adopted distinctive and non-functional trade dress used on websites, products, and retail establishments that comprise white and black color schemes. A true and certified copy of the landing page of www.wakeupwarrior.com is attached hereto as Exhibit A, and illustrated below as "Figure 1":



Fig. 1: Landing Page of Plaintiffs' Website www.wakeupwarrior.com

25. Defendants have adopted a trade dress on its website that is confusingly similar to Plaintiff's trade dress.  A true and certified copy of Defendants' website is attached hereto as Exhibit B and illustrated below as "Figure 2":



Fig. 2: Defendant IAM4's Website

26. Defendants have adopted a trade dress on its Facebook page that is confusingly similar to Plaintiffs' trade dress.  A true and certified copy of the Defendants' Facebook page is attached hereto as Exhibit C and illustrated below as "Figure 3":



Fig. 3: Defendant IAM4's Facebook Page

27. Defendants own and operate IAM4 and the IAM4 Warrior Week Facebook page in which their services are marketed throughout the United States.

28. Plaintiffs incorporated its distinctive and non-functional trade dress into the design of its promotional materials. A true certified copy of Plaintiffs' Facebook page is provided in Exhibit D, which is attached hereto and illustrated below as "Figure 4."



Fig. 4: Plaintiffs' Trade Dress Via Plaintiffs' Facebook Page

29. Defendants have adopted a trade dress that creates a substantial likelihood that consumers will confuse Defendants' trade dress with Plaintiffs' trade dress.

30. Defendants have adopted their confusingly similar trade dress without any license, authorization, permission, or consent from Plaintiffs.

31. Based on information and belief, Defendants intentionally copied Plaintiffs' trade dress, Plaintiffs' distinctive and non-functional trade dress with respect to its website and Facebook page. Defendants chose similar, if not identical, colors, branding, layout, structure, and content used by the Plaintiffs, all in an effort to derive unwarranted benefit from Plaintiffs' reputation and goodwill.

/ / /

32. The overall image and appearance of Defendants' website and Facebook page infringe on Plaintiffs' trade dress, which are inherently distinctive, nonfunctional, and is likely to cause confusion in the marketplace.

33. Furthermore, given the identical nature of the products and services provided by both Plaintiffs and Defendants, the limited nature and sophistication of consumers, coupled with the fact that actual confusion has taken place a number of times, and Defendants' sweeping mirroring of Plaintiffs' Trademarks and trade dress, a likelihood of consumer confusion exists.

34. In fact, several instances of actual confusion in the marketplace have already occurred and will continue to do so if Defendants are not enjoined from using the accused marks.

35. Defendants' ongoing unlawful use of Plaintiffs' Trademarks and trade dress has irreparably harmed Plaintiffs and Defendants' threatened expansion of that unlawful use will only serve to increase the irreparable harm to Plaintiffs.

## COUNT I
**(Trademark Infringement - Lanham Act § 43(a) Common Law)**

(By Plaintiffs Against Defendants)

36. Plaintiffs incorporate herein by this reference each and every averment contained in paragraphs 1 through 35, inclusive.

37. Plaintiffs have used their Trademarks since 2009 and/or 2012 to identify their services in California and in the United States in interstate commerce. The general consuming public widely recognizes the Trademarks as designating Plaintiffs as the source of such services and/or goods. The general consuming public widely recognizes the Trademarks as designating Plaintiffs as the source of services and/or goods. Plaintiffs have common law trademark rights in the Trademarks through substantial and continuous use of their Trademarks in interstate commerce.

38. Defendants' wrongful activities have caused Plaintiffs irreparable injury. Plaintiffs are informed and believe that unless this wrongful conduct is enjoined by this Court, Defendants will continue and expand those activities, to the continued and irreparable injury of Plaintiffs. Plaintiffs' injuries include, but are not limited to, a reduction in the distinctiveness of Plaintiffs' Trademarks and injury to Plaintiffs' reputation that cannot be remedied through damages, and Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to both preliminary and permanent injunctions restraining and enjoining Defendants and their agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the Trademarks or any colorable imitation thereof.

39. Defendants' acts as aforesaid were committed with knowledge that the imitation was intended to be used to cause confusion, mistake or to deceive.

40. Plaintiffs are entitled to both preliminary and permanent injunctions pursuant to 15 U.S.C. § 1116 restraining and enjoining Defendants and their agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce Plaintiffs' trade dress or any colorable imitation thereof.

41. Pursuant to 15 U.S.C. § 1117, Plaintiffs are also entitled to recover (i) Defendants' profits, (ii) Plaintiffs' ascertainable damages, and (iii) Plaintiffs' costs of suit. Defendants' willful use of Plaintiffs' trade dress without excuse or justification and renders this an exceptional case and entitles Plaintiffs to their reasonable attorney fees.

## COUNT II

## VIOLATION OF 15 USC 1125(a)

(By Plaintiffs Against Defendants)

42. Plaintiffs incorporate herein by this reference each and every averment contained in paragraphs 1 through 41, inclusive.

**COMPLAINT**

43. Defendants have violated 15 USC 1125(a) in that they have on or in connection with Defendants' goods or services, used the marks Warrior and Warrior Week which each represent a false destination of origin, false or misleading description and/or a misrepresentation of fact likely to cause confusion, mistake or deceive as to the affiliation, connection or association of Defendants with Plaintiffs or which is likely to cause confusion, mistake or to deceive as to whether Plaintiffs have anything to do with the origin, sponsorship, or approval of the goods, services or commercial activities of Defendants.

44. Defendants have similarly violated 15 USC 1125(a) in that their commercial advertising or promotion as well as literature and books using IAM4 Warrior Week and Warrior Week misrepresents the nature, characteristics, qualities, and/or geographic origin of their goods, services, or commercial activities.

45. Plaintiffs are entitled to injunctive relief under 15 USC 1116 and recovery of damages from Defendants jointly and severally, pursuant to 15 USC 1117(a). Damages include, the actual damages sustained by Plaintiffs, Defendants' profits, and the costs of the action together with Plaintiffs' reasonable attorney fees.  In the alternative, Plaintiffs are entitled to recover damages in such sums as the court may  find  just according to the circumstances of the case.

## COUNT III

## VIOLATION OF 15 USC 1125(c)

(By Plaintiffs Against Defendants)

46. Plaintiffs incorporate herein by this reference each and every averment contained in paragraphs 1 through 45, inclusive.

47. Defendants' use of the "Warrior Week" on their website and operation of the IAM4 Warrior Week Facebook page as well as the sale of Warrior Week promotional material has caused and continues to cause dilution of the distinctive quality of

Plaintiffs' marks, Warrior and Warrior Week. Defendants' use of IAM4 Warrior and Warrior Week is a violation of 15 USC 1125(c), Plaintiffs' mark being distinctive and famous within the meaning of the statute and Defendants' use of Plaintiffs Trademarks in commerce having begun after Plaintiffs' Trademarks had become distinctive and famous.

48. Defendants willfully intended to trade on Plaintiffs' reputation and/or cause dilution of Plaintiffs' Trademarks by their use of "Warrior" and "Warrior Week" on their website and operation of the IAM4 Warrior Week Facebook page.

49. Plaintiffs are entitled to injunctive relief under 15 USC 1116 and recovery of damages from Defendants jointly and severally, pursuant to 15 USC 1117(a). Damages recoverable are actual damages sustained by the Plaintiffs, the Defendants' profits, and the costs of the action together with Plaintiffs' reasonable attorney fees.  In the alternative, Plaintiffs are entitled to recover damages in such sum as the court may find just according to the circumstances of the case.

<u>**COUNT IV**</u>

<u>**VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 et**</u>

<u>**seq.**</u>

(By Plaintiffs Against Defendants)

50. Plaintiffs incorporate herein by this reference each and every averment contained in paragraphs 1 through 49, inclusive.

51. Defendants'  conduct  in  their use of Plaintiff's Trademarks on their website and operation of the IAM4 Warrior Week Facebook page, as well as publishing literature and books under the Warrior and Warrior Week names as well as other conduct as alleged in the operative facts represents unfair business practices under the California Unfair Competition Law codified in the California Business & Professions code § 17200 et seq. for which Defendants are jointly and severally

liable for all damages proximately caused to Plaintiffs. Plaintiffs are further entitled to injunctive relief, treble damages and attorney fees under said act.

## COUNT V

## TRADE DRESS INFRINGEMENT - LANHAM ACT § 43(a) COMMON LAW

(By Plaintiffs Against Defendants)

52. Plaintiffs incorporate herein by this reference each and every averment contained in paragraphs 1 through 51, inclusive.

53. Plaintiffs have adopted unique and distinctive trade dress in their website designs including a distinctive overall look and feel that is recognized by customers in California and in the United States.

54. Defendants' actions constitute trade dress infringement of Plaintiffs' unique and distinctive trade dress that is likely to cause confusion, to cause mistake, or to deceive as to (a) the affiliation, connection, or association of Defendants with Plaintiffs and/or (b) the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Plaintiffs. For example, consumers of life and business coaching services and products are likely to be confused as to whether Defendants' life and business coaching services and products are sponsored and/or approved by Plaintiffs or whether Defendants are merely a conduit for Plaintiffs' services and/or goods.

55. Plaintiffs are entitled to both preliminary and permanent injunctions pursuant to 15 U.S.C. § 1116 restraining and enjoining Defendants and their agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce Plaintiffs' trade dress or any colorable imitation thereof.

56. Pursuant to 15 U.S.C. § 1117, Plaintiffs are also entitled to recover (i) Defendants' profits, (ii) Plaintiffs' ascertainable damages, and (iii) Plaintiffs' costs of suit. Defendants' willful use of Plaintiffs' trade dress without excuse or

justification and renders this an exceptional case and entitles Plaintiffs to its reasonable attorney fees.

## COUNT VI

## UNFAIR COMPETITION - TORTIOUS INTERFERENCE WITH ECONOMIC RELATIONS

### (By Plaintiffs Against Defendants)

57. Plaintiffs incorporate herein by this reference each and every averment contained in paragraphs 1 through 56, inclusive.

58. Plaintiffs had business opportunities and/or contractual rights that were interfered with by Defendants' actions as alleged herein.

59. Defendants knew or under the circumstances should have known of the advantageous business opportunities and relationships.

60. Defendants' interference with Plaintiffs' rights was malicious, wrongful and deliberate.

61. Defendants' interference was not justified, privileged, or excusable; Defendants' conduct was improper.

62. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs are suffering monetary damages and will continue to do so unless stopped by this Court.

## PUNITIVE AND EXEMPLARY DAMAGES FOR COUNT VII

### (By Plaintiffs Against Defendants)

63. Plaintiffs incorporate the entirety of the preceding paragraphs as though stated below verbatim.

64. Defendants' acts and omissions, as set forth above, were oppressive and in wanton and/or reckless disregard of Plaintiffs' rights.

**COMPLAINT**

65. As a direct result of Defendants' oppression and wanton and/or reckless disregard, Plaintiffs are entitled to exemplary and punitive damages in an amount to be determined by a jury commensurate with the financial resources available to Defendants and sufficient to deter others similarly situated from like behavior.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, jointly and severally, as follows:

1. Enter preliminary and permanent injunctions restraining and enjoining Defendants and their agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the Trademarks or any colorable imitation or confusingly similar variation thereof;

2. Enter preliminary and permanent injunctions restraining and enjoining Defendants and their agents, servants, employees, and all persons acting thereunder, in concert with, or on its behalf, from using in commerce the Plaintiffs' trade dress or any colorable imitation or confusingly similar variation thereof;

3. Award Plaintiffs their ascertainable damages, costs, attorneys' fees;

4. Award Plaintiffs Defendants' profits attributable to Defendants' unauthorized use of Plaintiffs' Trademarks.

5. Award Plaintiffs Defendants' profits attributable to Defendants' unauthorized use of Plaintiffs' trade dress.

6. Award Plaintiffs all amounts by which Defendants have been unjustly enriched through its use of the Trademarks and Plaintiff's trade dress.

/ / /

/ / /

7.  Award such other and further relief as this Court deems just and proper.

Dated:  October 19, 2017

HITZKE & FERRAN, LLP

By: _____
Daniel L. Hitzke
Scott W. Draper

16
**COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury.

Date: October 19, 2017

HITZKE & FERRAN, LLP

By: _____

Daniel L. Hitzke
Scott W. Draper

**COMPLAINT**